IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Steven Good

      Plaintiff                            Case No.:

vs.

Aetna Life Insurance Company

      Defendant
_____/

**COMPLAINT**
STATEMENT OF THE CASE

1. This is an action for damages, equitable relief and attorney fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.*, specifically 29 U.S.C. § 1132(a)(1)(b).

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337, as well as 29 U.S.C. § 1132(e) and 29 U.S.C. §1132(f).

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) and ©, because the breach of the employee benefits contract between the parties occurred within this district.

**PARTIES AND GENERAL ALLEGATIONS**

4. Plaintiff, Steven Good, is a resident of Manatee County, Florida  At all times relevant hereto Plaintiff, Steven Good, was an "employee" of Sarasota Memorial Hospital, his "employer", as those terms are defined in 29 U.S.C. §§ 1002(5) and (6).

5. Defendant, Aetna Life Insurance Company Service Center, is a foreign corporation and a fiduciary with respect to such claim, and does business in the Middle District of Florida.

6. At all times relevant hereto Plaintiff was a "participant" in and a "beneficiary" of a long-term disability insurance plan, as those terms are defined by 29 U.S.C. §§ 1002(7) and (8), and his insurance premium required for coverage under the LTD PLAN had been fully paid or otherwise satisfied.

7. The LTD PLAN is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

8. At all times relevant hereto Plaintiff's employer, Sarasota Memorial Hospital was the "plan sponsor" as that term is defined by 29 U.S.C. § 1002(16)(B).

9. At all times relevant hereto Defendant, Aetna Life Insurance Company Service Center, is the "administrator", of the LTD PLAN, and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002, (16) and (21).

10. At all times relevant hereto the LTD PLAN provided for payment of long-term disability benefits in the event Plaintiff became "disabled", as defined in the LTD PLAN.

11. At all times relevant hereto, Plaintiff was "disabled" as that term is defined in the LTD PLAN and this claim relates to benefits under the foregoing plan.

12. Plaintiff has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering benefits under the LTD PLAN for the loss or losses herein claimed.

13. Plaintiff has exhausted his administrative remedies.

## FACTS

14. Plaintiff realleges and reavers paragraphs 1 though 13 of the Complaint, incorporating them by reference herein as if specifically restated.

To: Aetna Life Insurance Company Service Center
Re: Steven Good
Date: September 15, 2015
Page 3 of 3

15. At all times material to this action there was in full force and effect an insurance plan for long-term disability benefits constituting a binding contract of insurance between the parties.

16. The purpose of the plan was to pay to Plaintiff, Steven Good, a specified monthly sum in the event that he became disabled. "Disability" and "Disabled" is defined in the policy to mean:

**"Test of Disability**

From the date that you first become disabled and until Monthly benefits are payable for 24 months, you will be deemed to be disabled on any day if:

- you are not able to perform the material duties of your own occupation solely because of: disease or injury;
- your work earnings are 80% or less of your adjusted predisability earnings.

After the first 24 months that any Monthly benefit is payable during a period of disability, you will be deemed to be disabled on any day if you are not able to work at any reasonable occupation solely because of:

- disease; or
- injury.

If your own occupation requires a professional or occupational license or certification of any kind, you will not be deemed to be disabled solely because of the loss of that license or certification."...

"Period of Disability

Your period of disability ends on the first to occur of: (in part)

- The date Aetna finds you are no longer disabled or the date you fail to furnish proof that you are disabled.
- The date Aetna finds that you have withheld information which indicates you are performing, or are capable of performing, the duties of a reasonable occupation."

17. Plaintiff was an eligible plan participant of the long-term disability plan at all times material to this action.

Re: Steven Good
Date: September 15, 2015
Page 4 of 4

18. Plaintiff became disabled and stopped working on October 6, 2009 due to multiple sclerosis and dementia. The Plaintiff was paid long term disability benefits from April 13, 2010 to March 21, 2015. The claim for Long-term disability benefits was denied on March 20, 2015.

19. During this time period, Plaintiff's disability was fully supported by his treating physicians.

20. Since March 22, 2015, the Plaintiff has continued to meet the definition of disability as defined by the Policy and continues to be disabled from not only his occupation but any occupation. He has not worked in any occupation for which he is or may reasonably become qualified for based on his education, training and experience.

21. By the terms of the Defendant's Policy, the Plaintiff applied for Social Security Disability benefits with an onset date of October 6, 2009.

22. Plaintiff has entered into a Contract of Representation and has agreed to pay the undersigned an attorney's fee for representation.

### COUNT ONE

### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)

23. Plaintiff realleges and reavers paragraphs 1 through 22 of the Complaint, incorporating them by reference herein as if specifically restated.

24. Defendant has failed and refused to pay Plaintiff sums due pursuant to the terms of the LTD PLAN since March 22, 2015 and continuing.

To: Aetna Life Insurance Company Service Center
Re: Steven Good
Date: September 15, 2015
Page 5 of 5

25. Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an Order granting relief from Defendant for benefits due under the LTD PLAN through specific performance of the contract between the parties, together with interest, costs of litigation and attorney's fees.

### COUNT TWO

### Action to Clarify Right to Receive Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)

26. Plaintiff realleges and reavers paragraphs 1 through 22 of the Complaint, incorporating them by reference herein as if specifically restated.

27. Plaintiff is entitled to benefits under the LTD PLAN.

28. Defendant has denied that Plaintiff is entitled to benefits under the LTD PLAN from March 22, 2015 and continuing.

29. Plaintiff is entitled to clarification of his right to reinstatement under the LTD PLAN.

30. Plaintiff is entitled to recover attorney's fees and costs as authorized by 29 U.S.C. § 1132(g).

To: Aetna Life Insurance Company Service Center
Re: Steven Good
Date: September 15, 2015
Page 6 of 6

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order declaring his right to benefits from March 22, 2015 and continuing under the LTD PLAN, pursuant to 29 U.S.C. § 1132(a)(1)(B), and award his attorney's fees and costs of litigation pursuant to 29 U.S.C. § 1132(g).

Dated this ____ day of January, 2016.

                Respectfully Submitted,

                _____
                NANCY L. CAVEY, ESQUIRE
                Florida Bar No.: 300934
                LAW OFFICES OF NANCY L. CAVEY
                821 16th Street North
                St. Petersburg, Florida 33705
                (727) 894-3188 – Phone
                (727) 821-2751 – Fax
                cavey@tampabay.rr.com
                Attorney for Plaintiff